AFH

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CR-120-1H(2)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | INDICTMENT |
| | ) | |
| TERESA LYN FLETCHER | ) | |
| | ) | |

The Grand Jury charges:

## INTRODUCTION

1.  The Federal Deposit Insurance Corporation was an agency of the United States established to protect depositors against substantial loss and thus to instill public confidence in the nation's banks and prevent bank collapse.

2.  Bank of North Carolina was a financial institution within the meaning of 18 U.S.C. § 20 headquartered in Thomasville, North Carolina, the deposits of which were insured by the Federal Deposit Insurance Corporation.

3.  TD Bank, N.A. (TD Bank) was a financial institution within the meaning of 18 U.S.C. § 20 headquartered in Wilmington, Delaware, the deposits of which were insured by the Federal Deposit Insurance Corporation.

1

## COUNT ONE
### (Title 18, United States Code, Section 1344 - Bank Fraud)

4. The allegations contained in Paragraphs 1 through 2 above are re-alleged and incorporated herein by this reference.

5. From on or about January 18, 2013, and continuing until on or about April 5, 2013, in the Eastern District of North Carolina and elsewhere, defendant TERESA LYN FLETCHER did knowingly devise a scheme and artifice to defraud Bank of North Carolina, and to obtain money and property owned by and under the custody and control of Bank of North Carolina, by means of materially false and fraudulent pretenses, representations, and promises.

### Scheme and Artifice

6. The object of TERESA LYN FLETCHER's scheme and artifice was to obtain a personal loan from Bank of North Carolina.

7. It was part of the scheme and artifice that TERESA LYN FLETCHER submitted a credit application in which she falsified her asset information.

8. It was further part of the scheme and artifice that TERESA LYN FLETCHER provided paystubs which falsely and fraudulently reflected her receipt of $541,000 in wages during 2012.

9. It was further part of the scheme and artifice that TERESA LYN FLETCHER, after defaulting on her obligation to repay the loan, filed a false report with Equifax, a consumer credit reporting agency, in which she falsely claimed that loan was the result of identity theft.

### Execution

10. On or about January 28, 2013, in the Eastern District of North Carolina, TERESA LYN FLETCHER did knowingly execute the scheme and artifice to defraud Bank of North Carolina, and to obtain money and property owned by and under the custody and control of Bank of North Carolina, by withdrawing $8,000 of the loan proceeds.

All in violation of Title 18, United States Code, Section 1344.

### COUNT TWO
**(Title 18, United States Code, Section 1014 - False Statements to a Financial Institution)**

11. The allegations contained in Paragraphs 1 and 2 above are re-alleged and incorporated herein by this reference.

12. On or about January 28, 2013, in the Eastern District of North Carolina and elsewhere, defendant TERESA LYN FLETCHER did knowingly make and cause to be made false statements to Bank of North Carolina about her assets and income in applying for a loan, said statements having been made for the purpose of

3

influencing the action of Bank of North Carolina with respect to such loan.

All in violation of Title 18, United States Code, Section 1014.

## COUNT THREE
### (Title 18, United States Code, Sections 1344 and 2 - Bank Fraud & Aiding/Abetting the Same)

13. The allegations contained in Paragraphs 1 and 3 above are re-alleged and incorporated herein by this reference.

14. From on or about December 19, 2012, and continuing until on or about October 16, 2013, in the Eastern District of North Carolina and elsewhere, defendant TERESA LYN FLETCHER, aided and abetted by others, did knowingly devise a scheme and artifice to defraud TD Bank, and to obtain money and property owned by and under the custody and control of TD Bank, by means of materially false and fraudulent pretenses, representations, and promises.

### Scheme and Artifice

15. The object of TERESA LYN FLETCHER's fraudulent scheme and artifice was to obtain a $1.472 million loan and a $183,010 home equity line of credit from TD Bank to finance the purchase of a residence located at 2905 Cone Manor, Raleigh, North Carolina (Cone Manor Property).

4

16. It was part of the scheme and artifice that TERESA LYN FLETCHER completed a residential loan application in which she falsified her assets and income information and made a false declaration that no part of the down payment was borrowed.

17. It was further part of the scheme and artifice that TERESA LYN FLETCHER provided false and fraudulent IRS Forms W-2 indicating that she received $541,000 in wages in 2011 and 2012, respectively.

18. It was further part of the scheme and artifice that TERESA LYN FLETCHER provided false and fraudulent bank statements for an account that was closed by that time.

19. It was further part of the scheme and artifice that TERESA LYN FLETCHER executed a settlement statement (HUD-1) during the closing of the Cone Manor Property in which she falsely claimed receipt of a "gift of equity" from the sellers to fund the purchase, when in truth and in fact, as the defendant well knew, this was a loan she had negotiated with the sellers and was indebted to repay.

20. It was further part of the scheme and artifice that TERESA LYN FLETCHER, after defaulting on the TD Bank loans, filed a report with Experian, a consumer credit reporting agency, in which she falsely claimed that the loans were the result of identity theft.

## Execution

21. On or about February 20, 2013, in the Eastern District of North Carolina, TERESA LYN FLETCHER, aided and abetted by others, did knowingly execute the scheme and artifice to defraud TD Bank, and to obtain money and property owned by and under the custody and control of TD Bank, by using over $1.65 million in loan proceeds to fund the purchase of the Cone Manor Property at closing.

All in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT FOUR
### (Title 18, United States Code, Section 1014 – False Statements to a Financial Institution)

22. The allegations contained in Paragraphs 1 and 3 above are re-alleged and incorporated herein by this reference.

23. On or about February 20, 2013, in the Eastern District of North Carolina, defendant TERESA LYN FLETCHER did knowingly make and cause to be made false statements to TD Bank about her assets and income in applying for a residential loan and home equity line of credit, said statements having been made for the purpose of influencing the action of TD Bank with respect to such loans.

All in violation of Title 18, United States Code, Section 1014.

6

## FORFEITURE NOTICE

Upon conviction of any one or more of the offenses alleged in this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or indirectly as a result of the said offenses, or any property traceable to such property.

The forfeitable property includes, but is not limited to:

      (1) personal property; and

      (2) real property.

If any of the above-described forfeitable property, as a result of any act or omission of the defendants,

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

A TRUE BILL

**REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

FOREPERSON

6/17/2014
DATE

THOMAS G. WALKER
United States Attorney

ADAM F. HULBIG
Assistant United States Attorney